# United States District Court

## EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| Marcus A. Helt, Receiver for | § | |
| Sethi Petroleum, LLC and Sameer P. | § | |
| Sethi | § | |
| | § | |
| v. | § | Case No. 4:15-cv-760 |
| | § | Judge Mazzant |
| Sambina Properties, Ltd.; | § | |
| Sambina Brookview Center, Ltd.; | § | |
| Sambina Homes, Ltd., | § | |
| And Sambina Trust | § | |
| | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Intervenor's, American National Bank of Texas, Motion to Allow Interpleader which includes a request for attorney's fees (Dkt. #32). After considering the relevant pleadings, the Court finds that the request for attorney's fees should be granted in part and denied in part.

## BACKGROUND

American National Bank of Texas ("American National") explains that it is "caught between conflicting claims." (Dkt. #131 at ¶ 1). American National "has been holding the nine accounts listed in its original Complaint for Interpleader" (Dkt. #131 at ¶ 1). This is because

> Praveen Sethi, individually or on behalf of various entities, has made a claim for those funds. The Receiver has objected to Praveen Sethi's request for the funds. American National Bank has not received clear instructions as to what to do with the funds and/or who it should pay with regard to the funds. Consequently, it has filed an interpleader proceeding.

(Dkt. #131 at ¶ 1).

American National seeks to recover the reasonable and necessary attorney's fees, costs, and expenses that it has already incurred as well as any future fees and costs (Dkt. #131 at ¶ 13).

1

American National states that it "expects to incur the additional amount of Four Thousand Two Hundred Sixty and no/100 Dollars ($4,260.00) if, for example, it has to prepare for and attend a hearing in this matter." (Dkt. #131 at ¶ 13). American National also seeks conditional appellate fees (Dkt. #131-2 at ¶¶ 7-9).

## ANALYSIS

A district court has the authority to award reasonable attorneys' fees in interpleader actions. *Rhoades v. Casey*, 196 F.3d 592 (5th Cir. 1999). The award of attorneys' fees is in the discretion of the district court, and fees are available when the interpleader is a disinterested stakeholder, and is not in substantial controversy with one of the claimants. *Id.* at 603. One commentator stated that:

> Because of the discretionary character of the court's power, and because its exercise depletes the fund, costs and fees will not be allowed as a matter of course. Typically, they are available only when the party initiating the interpleader is acting as a mere stakeholder, which means that he has admitted liability, had deposited the fund in court, and has asked to be relieved of any further liability.

Wright, Miller and Kane, *Federal Practice and Procedure* § 1719 (3d ed. 2007). Five factors have been identified for consideration: (1) whether the case is simple or involved; (2) whether the stakeholder performed any unique services for the claimants or the court; (3) whether the stakeholder acted in good faith and with diligence; (4) whether the services rendered benefitted the stakeholder; and (5) whether the claimants improperly protracted the proceedings. *Noeller v. Metro. Life Ins. Co.*, 190 F.R.D. 202, 207 (E.D. Tex. 1999). Assuming that the interpleader is entitled to a fee, the next step is the calculation of the fee. To calculate an award of attorneys' fees the district court first calculates the "lodestar." *Forbush v. J.C. Penney Co.*, 98 F.3d 817, 821 (5th Cir. 1996).

The computation of a reasonable attorneys' fee award is a two-step process. *Rutherford v. Harris County, Texas*, 197 F.3d 173, 192 (5th Cir. 1999) (citation omitted). First, the court must utilize the lodestar analysis to calculate a "reasonable" amount of attorneys' fees. *Id.* The lodestar is equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work. *Id.* Second, in assessing the lodestar amount, the court must consider the twelve *Johnson* factors before final fees can be calculated. *Id.*

> The *Johnson* factors are:
>
> (1) time and labor required; (2) novelty and difficulty of issues; (3) skill required; (4) loss of other employment in taking the case; (5) customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by client or circumstances; (8) amount involved and results obtained; (9) counsel's experience, reputation, and ability; (10) case undesirability; (11) nature and length of relationship with the client; and (12) awards in similar cases.

*Id.* at 192 n.23 (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974)).

After considering the twelve *Johnson* factors, the court may adjust the lodestar upward or downward. *Shipes v. Trinity Indus.*, 987 F.2d 311, 320 (5th Cir. 1993). "If the plaintiff obtained limited success, the hours reasonably spent on the case times the reasonable hourly rate may be excessive." *Virginia McC v. Corrigan-Camden Indep. Sch. Dist.*, 909 F. Supp. 1023, 1032 (E.D. Tex. 1995). "'[T]he most critical factor' in determining the reasonableness of an attorney's fee award 'is the degree of success obtained.'" *Giles v. Gen. Elec. Co.*, 245 F.3d 474, 491 n.31 (5th Cir. 2001) (quoting *Farrar v. Hobby*, 506 U.S. 103, 113 (1992)); *see also Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998). "The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success." *Virginia McC*, 909 F. Supp. at 1032 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983)).

The fee applicant bears the burden of proof on this issue. *See Riley v. City of Jackson, Miss.*, 99 F.3d 757, 760 (5th Cir. 1996); *Louisiana Power & Light Co. v. KellStrom*, 50 F.3d 319, 324 (5th Cir. 1995). "Many of these factors usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate and should not be double-counted." *Jason D.W. v. Houston Indep. Sch. Dist.*, 158 F.3d 205, 209 (5th Cir. 1998) (internal citations omitted).

The United States Supreme Court has barred any use of the sixth factor as a basis for enhancement of attorneys' fees. *See Walker v. United States Dep't of Hous. & Urban Dev.*, 99 F.3d 761, 772 (5th Cir. 1996) (citing *City of Burlington v. Dague*, 505 U.S. 557, 567 (1992)). In addition, three of the *Johnson* factors – complexity of the issues, results obtained, and preclusion of other employment – are fully reflected and subsumed in the lodestar amount. *Heidtman v. Cty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999). "[T]he court should give special heed to the time and labor involved, the customary fee, the amount involved and the result obtained, and the experience, reputation and ability of counsel." *Migis*, 135 F.3d at 1047 (citation omitted).

The lodestar is presumptively reasonable and should be modified only in exceptional cases. *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993). The fee-seeker must submit adequate documentation of the hours reasonably expended and of the attorney's qualifications and skill, while the party seeking reduction of the lodestar must show that a reduction is warranted. *Hensley*, 461 U.S. at 433; *Louisiana Power & Light Co.*, 50 F.3d at 329.

A.    **INTERPLEADER**

The Court finds that American National is a disinterested stakeholder that is entitled to attorneys' fees. Application of the five specific factors does not involve complicated analysis: This was a simple case. The stakeholder performed no unique services for the

claimants. The stakeholder acted in good faith and with diligence once there was litigation. The attorney's services benefitted the stakeholder. The claimants did not improperly protract the proceedings. Therefore, American National's attorneys' fees should not be reduced due to the five factors that courts consider in awarding fees to interpleaders.

**B.      LODESTAR**

### 1.      Hours Expended

American National seeks $18,042.87 in attorneys' fees for 104 hours expended (Dkt. #131-2 at ¶ 6). According to the bill, the hours expended are divided as follows:

William P. Huttenbach ("Mr. Huttenbach")…….. 23.2

Michael D. Conner ("Mr. Conner")………. .4

Jacob M. Stephens ("Mr. Stephens")……….9.7

Montye B. Holmes ("Mr. Holmes")………. 27.6

This means that only a total of 60.9 hours were billed. American National provides no explanation for why the total number of hours billed is different from the number of hours that they assert within their motion. However, the Court assumes that this difference is a result of American National's counsel's exercise of billing judgment.

The party seeking fees has "the burden of showing . . . that the attorneys exercised billing judgment." *Black v. SettlePou, P.C.*, 732 F. 3d 492, 502 (5th Cir. 2013) (citing *Saizan v. Delta Concrete Prods. Co., Inc.*, 448 F. 3d 795, 799 (5th Cir. 2006)). Billing judgment is defined as "documentation of the hours charged and of the hours written off as unproductive, excessive, or redundant." *Saizan*, 448 F. 3d at 799. The bill reflects billing judgment. For example, over twenty entries note that the attorney working spent more time on a task than was actually billed (Dkt. 131-2 at pp. 7-23). However, American National's counsel cannot be found to have

exercised billing judgement while simultaneously seeking compensation for hours that were removed through their exercise of billing judgment. Therefore, the Court will only consider the hours that American National included within their bill, 60.9 hours, and the Court will not reduce the overall number of hours billed due to a lack of billing judgment.

### 2. *Prevailing Hourly Rate*

American National seeks compensation for its attorneys at the following hourly rates:

Mr. Huttenbach…….. $355.00

Mr. Conner………. $345.00

Mr. Stephens………. $240.00

Mr. Holmes………. $160.00

Mr. Huttenbach's affidavit states that he is a shareholder in his firm and that he has an expertise in banking law (Dkt. #131-2 at ¶ 11-12). He states that "[t]he fee is based on hourly rates being charge to American National Bank." (Dkt. #131-2 at ¶ 12). The Court has previously found that within the Eastern District, $350 per hour is a reasonable rate for partners. *Geoffrion v. Nationstar Mortgage LLC*, No. 4:14-CV-350, 2016 WL 2758127, at *6 (E.D. Tex. May 12, 2016). American National has not presented relevant evidence, other than counsel's own affidavit, that suggests otherwise. *See Champion v. ADT Security Services, Inc.*, No. 2:08-cv-417-TJW, 2010 WL 4736908 (E.D. Tex. Nov. 16, 2010) (stating that only evidence of $500 fee's reasonableness was counsel's own affidavit and finding that it was not sufficient and the appropriate fee was $350 per hour). Therefore, the Court finds that $350 is a reasonable hourly rate for Mr. Huttenbach's work.

The bill accompanying the affidavit includes hours billed by the three other individuals mentioned above, with hourly rates ranging from $160.00 to $345.00 (Dkt. #131-2 at pp. 7-23).

However, it is not clear if the three other individuals are attorneys or paralegals. In Mr. Huttenbach's affidavit he states, "I, or another attorney or paralegal with my firm, have performed reasonable and necessary legal services[.]" (Dkt. #131-2 at ¶ 3). This makes it unclear if Mr. Holmes is a paralegal, if Mr. Stephens is one as well, or if American National was not billed for paralegal work. Simply put, it is impossible for the Court to determine a reasonable rate for the other parties when the Court not been given any information about the other parties' expertise, level of experience, or even if they are lawyers or paralegals.

The case at hand is similar to that of *Speaks v. Kruse*, because "[t]here is no information in support of the request for attorney's fees further identifying these individuals or describing their experience and expertise." No. CIV.A.04 1952, 2006 WL 3388480, at *5 (E.D. La. Nov. 20, 2006) (holding that the court would not consider the request for attorney's fees to apply to any of the attorneys except the one who stated that he was a partner at a major law firm in New Orleans). Therefore, the Court will consider American Nation's request for attorney's fees, but only to the extent that it relates to Mr. Huttenbach's work.

### 3. *Calculating the Lodestar*

Based on American National's calculation of billable hours and the elimination of the other attorney's hours for the reasons discussed above, the Court calculates the lodestar based on the equation below.

Mr. Huttenbach: 23.2 hours X $350/hour = $8,120
**Lodestar = $8,120**

### C. THE *JOHNSON* FACTORS

In analyzing the *Johnson* factors, the Court finds that the requested fee is unreasonable.

### 1. *Time and Labor*

The time and labor required for this lawsuit was not excessive.

*2.      Novelty and Difficulty of Issues*

The Court has already considered this factor in determining the lodestar.

*3.      Skill Required*

The Court has already considered this factor in determining the lodestar.

*4.      Preclusion of Other Employment*

Preclusion of other employment is subsumed within lodestar amount and is not appropriate basis for enhancement of lodestar amount. *Heidtman*, 171 F.3d 1038 (5th Cir. 1999). The Court has already considered this factor in determining the lodestar.

*5.      Customary Fee*

The Court has already considered this factor in determining the lodestar.

*6.      Whether the Fee is Fixed or Contingent*

This factor cannot be considered in adjusting the lodestar.

*7.      Time Limitations Imposed by the Client or Circumstances*

This factor is not applicable to the instant action.

*8.      Amount Involved and Results Obtained*

The Court has already considered this factor in determining the lodestar.

*9.      Experience, Reputation and Ability of the Attorneys*

The Court has already considered this factor in determining the lodestar.

*10.      Undesirability of the Case*

The Court has already considered this factor in determining the lodestar.

*11.      Nature and Length of the Professional Relationship with the Client*

The Court has already considered this factor in determining the lodestar.

*12.      Awards in Similar Cases*

American National does not point to cases that have facts similar to the facts of this case.

The Court finds the analysis of the *Johnson* factors does not necessitate an adjustment of the lodestar. Therefore, the Court finds that the lodestar analysis is reasonable and American National is awarded attorneys' fees in the amount of $8,296.90.

**D.     CONDITIONAL APPELLATE ATTORNEYS' FEES**

American National is also seeking recovery of conditional appellate attorneys' fees (Dkt. #131-2 at ¶ 8). American National states that

> [i]f the parties file a notice of appeal to the Fifth Circuit, American National Bank should be entitled to an additional Thirty Thousand and No/100 Dollars ($30,000.00) in reasonable and necessary attorneys' fees in the event that American National Bank ultimately prevails. In the event that the parties appeal to the Supreme Court, American National Bank should be entitled to recover an additional Twenty-Five Thousand and No/100 Dollars ($25,000.00) in reasonable and necessary attorneys' fees in the event that American National Bank ultimately prevails, and if a petition/writ is granted, American National Bank should recover an additional Twenty Thousand and No/l00 Dollars ($20,000.00) in the event that American National Bank ultimately prevails.

(Dkt. #131-2 at ¶ 8). However, the Court finds that American National's counsel has not produced sufficient evidence to support such an award. Therefore, the Court will address this issue following the resolution of an appeal. *Instone Travel Tech Marine & Offshore v. Int'l Shipping Partners, Inc.*, 334 F. 3d 423, 433 (5th Cir. 2003). *See also Carroll v. Sanderson Farms, Inc.*, No. H-10-3108, 2014 WL 549380, at *5 (S.D. Tex. Feb. 11, 2014) (declining to award conditional appellate fees before the appeal because the request "is merely a speculative dollar figure without any information by which the Court could determine whether the amount requested is reasonable"). American National's request for conditional appellate fees is therefore denied.[1]

---

[1] American National also states that "[i]f I have to attend a hearing on this motion, I will spend additional time preparing for and attending the hearing . . . I believe that the additional amount of at least Four Thousand Two Hundred Sixty and No/100 Dollars ($4,260.00) would be reasonable and necessary[.]" (Dkt. #131-2 at ¶ 7).

**E.    COSTS**

American National is also seeking recovery of various costs. Specifically, it is seeking costs for certified mail, research charges, and a flight to and from Sherman, Texas to attend a hearing (Dkt. #131-2 at pp. 7-23).[2] The Fifth Circuit expressly holds that modern federal courts retain discretion to award attorney's fees and costs to the stakeholder in an interpleader action, whenever it is fair and equitable to do so. *Noeller v. Metro. Life Ins. Co.*, 190 F.R.D. 202, 206 (E.D. Tex. 1999) (citing *Corrigan Dispatch Co. v. Casa Guzman*, 696 F.2d 359, 364 (5th Cir. 1983)). *See also Murphy v. Travelers Ins. Co.*, 534 F.2d 1155, 1164 (5th Cir. 1976) ("as a general rule, when an interpleader action is successful, the court often awards costs, as well as attorneys' fees, to stakeholder"). Therefore, the Court finds that it is equitable to award a total of $464.87 in costs to American National.

**CONCLUSION**

It is therefore **ORDERED** that Intervenor's, American National Bank of Texas, Motion to Allow Interpleader (Dkt. #32) is hereby **GRANTED IN PART AND DENIED IN PART**. American National is awarded attorneys' fees in the amount of $8,120 and costs in the amount of $464.87.

**SIGNED this 8th day of June, 2016.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

---

However, the Court finds that it is unnecessary to address this argument due to the fact that it did not hold a hearing on this motion.

[2] American National includes in its costs: $1.76 for Lexis-Nexis, $14.00 for Westlaw; $7.15 for certified mail; and $441.96 for a flight to and from Sherman (Dkt. #131-2 at pp. 9, 18, 23). Therefore, American National is requesting a total of $464.87 in costs.